IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50318
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE WENDELL MAXEY, JR.,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. 93-CR-42-1
- - - - - - - - - -
November 6, 1995

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

After we vacated George Wendell Maxey, Jr.'s, original
sentence, the district court resentenced Maxey to a 24-month
upward departure for the extortion offense based on the
psychological injury to the victim under U.S.S.G. § 5K2.3, p.s,
and the unlawful restraint of the victim under § 5K2.4, p.s.

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

Maxey argues that the facts of the case do not support a § 5K2.3 departure because the victim's psyshological injury was not greater than that normally experienced by a victim of a similar offense. After a review of the record, we conclude that the district court did not clearly err by assessing the upward departure under § 5K2.3, p.s. See United States v. Anderson, 5 F.3d 795, 805 (5th Cir. 1993), cert. denied, 114 S. Ct. 118 (1994). Moreover, because we determine that the § 5K2.3 departure was valid and that the district court would have imposed the 24-month departure based only on the psychological injury to the victim, we conclude that any error in the district court's application of other sentencing factors was harmless. See United States v. Tello, 9 F.3d 1119, 1130-31 (5th Cir. 1993).

AFFIRMED.